IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern-Greenbelt Division)

| | | |
|---|---|---|
| **Candace E. Alston,** *an individual* | ) | |
| | ) | |
| **Neil F. Letren,** *an individual* | ) | |
| | ) | |
| *on behalf of themselves* | ) | CIVIL ACTION NO. _____ |
| *and all others similarly situated* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Experian Information Solutions, Inc.** | ) | |
| | ) | |
| Defendant. | ) | |

FILED ___ ENTERED
LODGED ___ RECEIVED

DEC 29 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPU

DKC14 CV 3957

## CLASS ACTION COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiffs, Candace E. Alston and Neil F. Letren, (hereafter the "Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, file this complaint against Experian Information Solutions, Inc. ("Experian"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a consumer class action brought for willful violation of the Fair Credit Reporting Act ("FCRA"). Experian is notorious for refusing to investigate consumer disputes on a false premise that the disputes are frivolous. Refusing to investigate is one thing, but Experian also refuses to notify consumers that the dispute is being considered frivolous. Although, the FCRA obligates Experian to provide notice that a consumer's dispute is being treated as frivolous, Experian does not provide such notice if the consumer has received a notice in a prior dispute of the same account. There is nothing in the FCRA that exempts a CRA from notifying a consumer of the CRA's determination that the dispute is being considered frivolous.

1

## JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) for Plaintiff resides in this District and the conduct complained of occurred in this District.

## PARTIES

3. The Plaintiffs are natural persons and each is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f) and regularly conducts business in the state of Maryland, which substantially consists of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined at 15 U.S.C. §1681(d) to third parties.

## FACTUAL ALLEGATIONS AS TO ALSTON

5. On July 17, 2011, Plaintiff first contacted Experian via the internet to dispute a Wells Fargo Home Mortgage account. In this communication she stated that "I DON'T HAVE AN ACCOUNT WITH WELLS FARGO. WELLS FARGO DOESN'T OWN OR SERVICE THE ACCOUNT."

6. In response, Experian initiated a reinvestigation with Wells Fargo by sending an automated consumer dispute verification ("ACDV") to Wells Fargo, which conveyed Plaintiff's dispute and asked Wells Fargo to, among other things, "[p]rovide complete ID and verify account information." Wells Fargo responded to Experian by verifying the information as being reported accurately.

7. Experian informed Plaintiff of the results of its reinvestigation by a report dated August 12, 2011.

8. Plaintiff also contacted Experian regarding the Wells Fargo account by letter dated November 21, 2011. Since Experian had previously investigated the Wells Fargo account, Experian notified Plaintiff that it would not investigate the account again unless Plaintiff sends Experian additional relevant information regarding her dispute, and that Plaintiff "[w]ould not receive this notice again regarding [the Wells Fargo dispute]". **Exhibit A**.

9. In Plaintiff's letter dated June 12, 2012 addressed to Experian, Plaintiff again disputed the Wells Fargo account. Experian determined the letter did not include additional relevant information sufficient to trigger a new reinvestigation.

10. Experian did not inform Plaintiff that her June 12, 2012 dispute was not being investigated.[1]

11. In Plaintiff's letter dated September 21, 2013 addressed to Experian, Plaintiff again disputed the Wells Fargo account. Experian determined the letter did not include additional relevant information sufficient to trigger a new reinvestigation.

12. Experian did not inform Plaintiff that her September 21, 2013 dispute was not being investigated.

13. The FCRA clearly states that a credit reporting agency ("CRA"), such as Experian, must notify the consumer of a determination that the dispute is frivolous.

14. No provision in the FCRA relieves a CRA from providing notification to the consumer that the CRA has determined the dispute to be frivolous.

15. Experian did not and could not determine in December 2011 that Plaintiff's disputes in June 2012 and September 2013 were frivolous. Instead, Experian could only

---

[1] Plaintiff did not learn that her dispute was not investigated until July 2014 when Experian admitted such in the course of litigation between Plaintiff and Experian. In fact, Plaintiff believed Experian had investigated her dispute because Experian responded to her June 2012 dispute by sending her correspondence stating that her June 2012 dispute had been investigated.

determine the dispute was frivolous when it received the disputes in June 2012 and September 2013, at which times Experian was required to notify Plaintiff that her dispute was being considered frivolous.

16. Experian's policy not to notify a consumer that his or her dispute will not be investigated is a deliberate and conscious violation of the consumer's rights under the FCRA.

17. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for Plaintiff's consumer rights as set out in 15 U.S.C. §§1681i(a)(3).

## FACTUAL ALLEGATIONS AS TO LETREN

18. Plaintiff Letren sent Experian a letter, which disputed tradeline(s) appearing on his Experian credit report.

19. In response, Experian sent Mr. Letren a letter stating that the dispute letter was being considered a "suspicious request" and that no investigation would be conducted. Experian's letter further noted that Mr. Letren "[w]ould not receive this notice again if a letter is sent in the same manner". **Exhibit B**.

20. In Plaintiff Letren's letter dated February 7, 2014 addressed to Experian, Plaintiff again disputed several accounts. Experian did not conduct an investigation of the February 2014 dispute.

21. Experian did not inform Plaintiff that his February 2014 dispute was not being investigated.

22. In Plaintiff's letter dated August 15, 2014 addressed to Experian, Plaintiff again disputed several accounts. Experian also did not investigate the August 2014 dispute.

23. Experian did not inform Plaintiff that his August 15, 2014 dispute was not being investigated.

24.    The FCRA clearly states that a credit reporting agency ("CRA"), such as Experian, must notify the consumer of a determination that the investigation of a dispute is being terminated.

25.    No provision in the FCRA relieves a CRA from providing notification to the consumer that the CRA has determined the dispute investigation is being terminated.

26.    Experian's policy not to notify a consumer that his or her dispute will not be investigated is a deliberate and conscious violation of the consumer's rights under the FCRA.

27.    At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for Plaintiff's consumer rights as set out in 15 U.S.C. §§1681i(a)(3).

## CLASS ACTION ALLEGATIONS

28.    Plaintiffs bring this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All consumers in the state of Maryland to whom, beginning two years prior to filing this Complaint and continuing through the resolution of this action, (i) disputed information reported by Experian, (ii) the dispute was determined to be frivolous and/or the investigation was terminated, and (iii) Experian did not notify the consumer that the dispute was determined to be frivolous and/or not being investigated.

29.    FED. R. CIV. P. 23(a)(1). On information and belief, the Class is so numerous that joinder of all members is impracticable. The names and addresses of class members are identifiable through documents maintained by the Defendant, and the class members may be notified of the pendency of this action by published and/or mailed notice. Although the precise number of Class members is known only to Defendant, Defendant handles hundreds if not thousands of consumer reports containing public record information, and Plaintiff estimates that class size numbers in the hundreds, if not thousands.

30. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of each class. These questions predominate over the questions affecting only individual members. The principal question of common legal and factual questions include, among other things:

(i) Whether Experian received a communication from a consumer that disputed information on an Experian credit report;

(ii) Whether Experian determined that the communication (or dispute) was frivolous;

(iii) Whether Experian investigated the dispute;

(iv) Whether Experian notified the consumer that the dispute was determined to be frivolous;

(v) Whether Equifax knowingly and intentionally committed an act in conscious disregard of the rights of the consumer, or whether it did so recklessly; and

(vi) Whether Equifax's conduct violated the FCRA.

31. Plaintiffs' claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same causes of action.

32. Plaintiffs are adequate representatives of the class because their interests coincide with interests of the members of the class they seeks to represent; they will retain counsel competent and experienced in such litigation; and they intend to prosecute this action vigorously. Neither the Plaintiffs nor their counsel will have any interests which might cause them not to vigorously pursue this claim. The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

33. Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available

methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## COUNT ONE: 15 U.S.C. §1681i(a)(3) CLASS CLAIM

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Experian violated 15 U.S.C. §1681i(a)(3)(B) by failing to notify the Plaintiff and the putative members of the Class that their disputes had been determined to be frivolous or irrelevant and therefore would not be further investigated.

36. Pursuant to 15 U.S.C. §1681n, Defendant is liable for statutory and punitive damages, as well as attorney fees and costs, in an amount to be determined by the Court for violating 15 U.S.C. §1681i(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Certification of the proposed Class;
(b) Statutory damages in the amount of $100 to $1,000 for the Named Plaintiff and each Class member;

(c) Actual damages not less than $10,000,000 for the Plaintiff and Class members;
(d) Approval of a $25,000 incentive award for each Named Plaintiff;
(e) Award costs and reasonable attorney's fees and costs; and
(f) Any such other relief the Court deems just, equitable and proper.

## TRIAL BY JURY IS DEMANDED

Date: December 22, 2014

Respectfully submitted,

**CANDACE E. ALSTON**

By _____

Candace E. Alston
10012 Cedarhollow Ln
Largo, MD 20774
Telephone: (301) 350-5780
*Pro Se Plaintiff*


**NEIL F. LETREN**

By _____

Neil F. Letren
105 E. Mill Ave Ln
Capital Heights, MD 20743
Telephone: (240) 838-6601
*Pro Se Plaintiff*